UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
GEORGE SANTIAGO                                    INDEX NO.: 17-cv-3175-CBA-SJB

                Plaintiff,

      *-against-*                                    **FIRST AMENDED COMPLAINT**

                                                        Plaintiff Demands a Trial by Jury

THE CITY OF NEW YORK,
DETECTIVE LUIS AROCHO, *and*
POLICE OFFICERS JOHN DOE 1-5

John Doe 1 'through' 5 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

                Defendants.

--------------------------------------------------------X

      Plaintiff, GEORGE SANTIAGO, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, The CITY OF NEW YORK, DETECTIVE LUIS AROCHO ("Det. AROCHO") and Police Officers JOHN DOE 1-5, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

    1.    This is a civil rights action in which the plaintiff, GEORGE SANTIAGO, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this

court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is a United States citizen of full age and resides in Kings County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officer.

7. Defendant Detective LUIS AROCHO was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant AROCHO acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in his course and scope of his

duties and functions as an officer, agent, servant and employee of the City of New York, were acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant Police Officers JOHN DOE 1-5 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendants acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in their course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duty. They are sued individually and in their official capacities.

## STATEMENT OF FACTS

9. On or about July 9, 2015 at approximately 9:15 A.M. plaintiff was in the vicinity of Humboldt and Debovoise Streets in Brooklyn, when he felt someone grab him from behind.

10. Before plaintiff could turn around a group of police officers, including but not limited to the defendants Det. AROCHO and Police Officers JOHN DOE 1-5, descended upon him and began punching and kicking him with their fists, feet, arms and knees, causing pain and injury to plaintiff's head and body.

11. Plaintiff was beaten unconscious.

12. When he awoke plaintiff was chained and shackled to a bed in Woodhaul Hospital with eight stitches in his head and abrasions and bruises all over his body.

13. At no time during this course of events did plaintiff attempt to flee, resist or otherwise act to prevent the defendants from taking him into custody.

14. As a direct and proximate result of the acts of the defendants, plaintiff suffered severe pain and injury, including but not limited to two permanent scars – one on his forehead and another just above his left eyebrow.

### AS FOR A FIRST CAUSE OF ACTION
*DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983*

15. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

16. At all times during the events described above defendants lacked probable cause to use force against plaintiff.

17. All of the aforementioned acts of defendants were carried out under the color of state law.

18. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

19. The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

20. The acts complained of deprived plaintiff of his rights:

    A. To be free from excessive force;

    B. To due process; and

    C. To receive equal protection under the law.

## AS FOR A SECOND CAUSE OF ACTION

### *MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK*

21. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

22. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

23. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a group of police officers to resort to force without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

24. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

25. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the days in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

26. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the

constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 10/16/2017
Brooklyn, NY

By: /s/Alexis G. Padilla
Alexis G. Padilla, Esq. [AP7400]
*Attorney for Plaintiff*
*George Santiago*
575 Decatur Street #3
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com